UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 25-04087-AS | Date | August 6, 2025 |
|---|---|---|---|
| Title | Edmond Neal v. Amina Gereighanova, et al. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SERVICE OF PROCESS ON DEFENDANT HCB EQUITIES, LLC**

On May 7, 2025, Plaintiff Edmond Neal ("Plaintiff") filed a complaint against Amina Gereighanova and HCB Equities, LLC. (Dkt. No. 1). On May 9, 2025, the Clerk issued a summons as to both Defendants and a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment")[1]. (Dkt. Nos. 5, 6). Plaintiff thereafter submitted a proof of service establishing that he served Amina Gereighanova on July 3, 2025. (Dkt. No. 8). On July 25, 2025, Plaintiff filed a request for the Clerk to enter default against Defendant Gereighanova. (Dkt. No. 9). Default by Clerk was entered against Defendant Gereighanova on August 1, 2025. (Dkt. No. 10).

More than ninety days have passed since Plaintiff filed the complaint. Yet Plaintiff has not filed a proof of service reflecting that he served HCB Equities, LLC. Rule 4(m) of the Federal Rules of Civil Procedure provides that if service of the summons and complaint is not made upon a defendant within ninety days of filing the complaint, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff, however,

---

[1] Among other things, the Notice of Assignment advises that this case has been assigned to U.S. Magistrate Judge Alka Sagar for all purposes and that any party may decline to consent to that assignment according to the schedule set forth for such declination. (Dkt. No. 5). Pursuant to Central District of California Local Civil Rule ("Local Rule") 73-2.1, Plaintiff is required to serve the Notice of Assignment on each newly-served party or party added to the case at the time of service of the summons and compliant or other case-initiating document. See Local Rule 73-2.1. The period for a newly-served party or party added to decline consent begins to run upon service of the Notice. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-04087-AS | Date | August 6, 2025 |
|---|---|---|---|
| Title | Edmond Neal v. Amina Gereighanova, et al. | | |

"shows good cause for the failure, the court must extend the time for service for an appropriate period." Id.

      Plaintiff is therefore ORDERED TO SHOW CAUSE in writing, within fourteen days of the date of this Order, why service was not timely made on HCB Equities, LLC, and why this case should not be dismissed against that Defendant without prejudice for failure to effectuate service and for lack of prosecution. Failure to timely file a written response to this Order may result in dismissal of this action against HCB Equities, LLC for failure to effect service of process within the time specified by Rule 4(m) of the Federal Rules of Civil Procedure, for failure to prosecute, and/or for failure to obey a court order. See Fed. R. Civ. P. 41(b).

      <u>Plaintiff is reminded that each newly served party or party added to the case must be served with the Notice of Assignment at the time of service of the summons and complaint, and Plaintiff must file a proof of service indicating that Defendant was served with the Notice of Assignment.</u>

      **IT IS SO ORDERED.**